Affirmed and Memorandum Opinion filed August 14, 2007








Affirmed and Memorandum Opinion filed August 14, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01024-CR

____________

 

CURTIS LEE JONES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 1071878

 



 

M E M O R A N D U M    O P I N I O N

Appellant, Curtis Lee Jones, was convicted by a jury of
aggravated assault.  The jury subsequently found the enhancement allegations to
be true and assessed appellant=s punishment at confinement in the state
penitentiary for a term of 30 years.  In his sole point of error, appellant
contends the trial court erred in admitting testimony regarding extraneous
crimes and bad acts.  We affirm.








Geraldine Todd and her two sons were living in a house
belonging to appellant=s brother.  The electricity had been
turned off, and light was provided by several candles.  On June 6, 2006, after
being released from jail, appellant bought some beer and went over to the
house.  He stayed the entire day, leaving once to purchase additional beer. 
Jamarcus, Todd=s ten-year old son, returned home at dark and
proceeded to take a nap on the living room couch.  He was awakened by a verbal
altercation between his mother and appellant.  Appellant went to the kitchen,
retrieved a knife and held it to Jamarcus= neck, demanding
that he leave the house.  Todd fled to the neighbor=s house to call
the police.  Jamarcus was able to flee a short time later without injury.

In his sole point of error, appellant objects that parts of
Todd=s testimony were
improperly admitted under the Texas Rules of Evidence.  The standard of review
for a trial court=s ruling on evidentiary matters is abuse
of discretion.  Martin v. State, 173 S.W.3d 463, 467 (Tex. Crim. App.
2005).  We will reverse the trial court only if the ruling is outside the zone
of reasonable disagreement.  Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on reh=g). We must view
the evidence in the light most favorable to the trial court=s ruling, giving
the trial court deference on its findings of historical facts that are
supported by the record.  Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).

Appellant objects to the trial court=s admission of the
extraneous acts under Rule 404(b).  Tex.
R. Evid. 404(b).  Appellant=s argument centers
on Todd=s testimony
regarding: appellant=s threatening and throwing Todd to the
ground, appellant=s nudity and his attempt to force Todd to
read Playboy with him; display of a crack pipe; and prior drug use.  The State
contends these arguments are not preserved for review.  To preserve an issue
for appeal, a timely request, objection, or motion must be made that states the
grounds for the ruling that the complaining party sought.  Tex. R. App. P. 33.1(a); Saldano v.
State, 70 S.W.3d 873, 886B87 (Tex. Crim. App. 2002).  Furthermore,
with two exceptions: (1) counsel obtains a running objection, or (2) counsel
requests a hearing outside the jury, an objection is required each time the
evidence is offered.  Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim.
App. 2003). 








After reviewing the record, we conclude appellant failed to
object to Todd=s testimony concerning the crack pipe.  Todd testified
appellant came into the living room where she and Jamarcus were sitting,
wearing only a muscle shirt, and carrying a Anude book@ and a crack
pipe.  Todd further testified appellant had done drugs at the house on other
occasions.  Todd continued to testify about appellant=s drug use and
appellant did not object until the State asked Todd if appellant A[w]alking around
with a nude book and a crack pipe@ was appropriate. 
Thus, appellant waived any objection to the testimony regarding the crack pipe.

During two separate bench conferences, appellant objected
to his lack of notice regarding extraneous offenses, specifically the magazine
and appellant=s threats and abuse.  The State argued the magazine
testimony was necessary to explain the circumstances leading up to the assault
of Jamarcus.  The trial court requested the prosecutor go into the Arelationship
building up to the ruckus,@ but nothing else.  Todd testified at
length about appellant=s threats and physical abuse before
appellant objected.  The trial court did not give a formal ruling on the
objection, but allowed Todd to testify to the fight Aon a limited
basis.@  However, the
fight was not mentioned again.  We need not decide whether the objections were
preserved for appeal, because the testimony is admissible under Rule 404(b) as
same-transaction evidence.[1]








For evidence of other acts to be admissible under Rule
404(b), it must be relevant for a purpose other than to show the character of a
person and that he acted in conformity with it.  Tex. R. Evid. 404(b).  Extraneous act evidence may also be
admitted if it would be considered same-transaction evidence needed to assist
the fact finder in understanding the nature and context of the charged
offense.  Camacho v. State, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993). 
Same-transaction evidence illuminates the nature of the crime charged by
imparting to the trier of fact information that is essential to understanding
the context and circumstances of events that, although legally separate
offenses, are blended and interwoven.  Id.  Aside from the determination
of admission under Rule 404(b), the trial court must conclude the probative
value is not substantially outweighed by the unfair prejudice to the
defendant.  Tex. R. Evid. 403.

The testimony from Todd flowed from one event to the next. 
She testified she and appellant fought over a candle for lighting.  Appellant
immediately went into another room with the candle, only to return wearing just
a muscle shirt, and carrying a crack pipe and Anude book.@  Todd and
appellant got into another fight, this time regarding his nudity and the
objects he was carrying being inappropriate in front of her son.  At this
point, appellant went into the kitchen, grabbed the knife, and assaulted
Jamarcus.  Although the record does not give us an exact time, it appears from
Todd=s testimony that
the events occurred within a matter of minutes.  See Wesbrook v.
State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (stating the jury has a
right to hear what occurred immediately prior to and subsequent to the offense
so that it may realistically evaluate the evidence).

The trial court found the fight was context for the
aggravated assault.  In overruling appellant=s objection, the
trial court allowed Todd=s testimony Ato show how it
built up and put it in context, since she was the mother of the child,@ limiting it to
the Arelationship
building up to this ruckus where she ran out of the house.@  The
circumstances justifying the admission of extraneous act evidence vary and each
case must be determined on its own merits.  Albrecht v. State, 486
S.W.2d 97, 100 (Tex. Crim. App. 1972). 








Reviewing the record in the light most favorable to the
trial court=s ruling, Todd=s testimony
related to a single episode in which each of the offenses flowed together.  The
incidents were necessary to give context to the jury and let them realistically
evaluate the evidence.  See Lockhart v. State, 847 S.W.2d 568,
571 (Tex. Crim. App. 1992) (stating the circumstances surrounding an officer=s death were
necessary for the jury=s comprehension of the crime).  Therefore,
the probative value is not substantially outweighed by any unfair prejudice
that might have resulted.  Tex. R. Evid.
403.  Thus, the trial court ruling was within the reasonable zone of
disagreement, and it did not abuse its discretion by allowing the testimony.

Additionally, appellant argues the evidence should have
been excluded because the State failed to give proper notice to him, resulting
in  prejudice to him.  However, notice is  not required for evidence of other
bad acts Aarising in the same transaction.@  Tex. R. Evid. 404(b).  Thus, because we
find the acts were part of the same transaction, notice was not required.

Accordingly, we overrule appellant=s sole point of
error and affirm the judgment of the trial court.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 14, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Rule 404(b) of the Texas Rules of Evidence states:

(b) Other
Crimes, Wrongs or Acts.  Evidence of other crimes, wrongs or acts is not
admissible to prove the character of a person in order to show action in
conformity therewith.  It may, however, be admissible for other purposes, such
as proof of motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident, provided that upon timely request
by the accused in a criminal case, reasonable notice is given in advance of
trial of intent to introduce in the State's case‑in‑chief such
evidence other than that arising in the same transaction.

Tex. R. Evid. 404(b).