

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-277-CR

GILBERTO RODRIGUEZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

### MEMORANDUM OPINION[1]

------------

Appellant Gilberto Rodriguez appeals his conviction for delivery of at least four but less than two hundred grams of cocaine.  We affirm.

After an undercover narcotics investigator and a confidential informant entered a bar in south Fort Worth, Guadalupe Rodriguez approached them and asked what they were looking for.  The  informant indicated that the officer

---

[1] *See* Tex. R. App. P. 47.4.

wanted to buy cocaine. The informant then left the bar, leaving the officer and Guadalupe to discuss the purchase.

Guadalupe introduced the officer to Ernesto Garnica. The officer explained to Ernesto that he was looking to buy a kilogram of cocaine to take back with him to Chicago but that he wanted to purchase a small sample first. After settling on a price, Ernesto stood up, walked over to Guadalupe, whispered in his ear, and then made a phone call from the bar.

Sometime later, appellant entered the bar and handed Ernesto a clear plastic baggie. Ernesto then motioned for the officer to follow him into the restroom, and once inside, gave the baggie to the officer in exchange for three hundred fifty dollars in cash. Upon returning to the bar, the officer observed Ernesto walk over to appellant and hand him the money the officer had given him. Appellant put the money into his pocket and remained at the bar until the officer left.

Subsequent crime lab testing showed the baggie to contain 13.81 grams of cocaine. Officers obtained a warrant and arrested appellant on a charge of delivery of a controlled substance. On the eve of appellant's trial, counsel for the State and for the defense first learned of the existence of the confidential informant.

In point one, appellant contends that the trial court abused its discretion by overruling his motion for continuance based upon having learned of the existence of the confidential informant on the eve of trial.

We review a trial court's ruling on a motion for continuance for an abuse of discretion.[2] To establish an abuse of discretion, an appellant must show that he was actually prejudiced by the motion's denial.[3] A mere statement that counsel did not have enough time to prepare an adequate defense does not demonstrate prejudice.[4]

Appellant has not shown any specific prejudice arising from the trial court's refusal to delay trial. The confidential informant did not testify, and the record shows that he or she left the bar before the officer was introduced to Ernesto, the person with whom the officer negotiated the drug deal. Further, it is undisputed that the informant was not present when appellant arrived at the bar and transferred the drugs to Ernesto. The informant's entire involvement consisted of walking into the bar, sitting at a table, responding to

---

[2] *See Vasquez v. State*, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002); *Dotson v. State*, 146 S.W.3d 285, 297 (Tex. App.—Fort Worth 2004, pet. ref'd); Tex. Code Crim. Proc. Ann. art. 29.06(6) (Vernon 2006).

[3] *See Vasquez*, 67 S.W.3d at 240.

[4] *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 825, 118 S. Ct. 86 (1997); *Dotson*, 146 S.W.3d at 297.

3

a single question from Guadalupe, and leaving—all within the space of approximately five minutes. Apart from this minimal level of involvement, appellant has not shown that the informant could have presented evidence on any material issue in the case or that any other actual prejudice was caused by the trial court's refusal to grant a continuance.[5] We overrule point one.

In points two, three, and four, appellant contends that the trial court erred by conducting an open-court hearing, instead of an in-camera hearing, concerning disclosure of the identity of the confidential informant, and by refusing to order disclosure of the informant's identity. To be entitled to an in-camera hearing to determine whether a confidential informant may provide information necessary to a fair determination of guilt or innocence, a party seeking disclosure of the confidential informant bears the initial burden of making a plausible showing that the informant could give such testimony.[6]

We have held that appellant has failed to show that the informant could provide evidence on a material issue in the case. Therefore, appellant has not

---

[5] *See Vasquez*, 67 S.W.3d at 240.

[6] *Anderson v. State*, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991); *Olivarez v. State*, 171 S.W.3d 283, 293–94 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

made a plausible showing that he was entitled to have the trial court conduct an in-camera hearing.[7] We overrule points two, three, and four.

In point five, appellant contends that the trial court abused its discretion by admitting extraneous offense evidence that appellant forfeited his pre trial bond.

Admissibility of evidence is a matter within the trial court's discretion.[8] As long as the trial court's ruling admitting evidence was within the "zone of reasonable disagreement," there is no abuse of discretion and its ruling will be upheld.[9]

Although appellant complains on appeal that the probative value of the evidence was outweighed by its prejudicial effect, his objection at trial preserved only a claim that the evidence was not relevant under Rule 404.[10] Forfeiture of an accused's bail bond has long been held to be evidence tending

---

[7] *See Anderson*, 817 S.W.2d at 72; *Olivarez*, 171 S.W.3d at 293–94.

[8] *Montgomery v. State,* 810 S.W.2d 372, 378 (Tex. Crim. App. 1990).

[9] *Rachal v. State,* 917 S.W.2d 799, 807 (Tex. Crim. App.), *cert. denied*, 519 U.S. 1043 (1996).

[10] *See Martin v. State*, 173 S.W.3d 463, 468 n.3 (Tex. Crim. App. 2005); *Montgomery*, 810 S.W.2d at 388 (op on reh'g); Tex. R. App. 33.1.

to show flight.[11] The trial court did not abuse it discretion in admitting evidence that appellant forfeited his bond. We overrule point five. The judgment is affirmed.

PER CURIAM

PANEL: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 16, 2008

---

[11] *See Cantrell v. State*, 731 S.W.2d 84, 93 (Tex. Crim. App. 1987).