NO. 07-09-0074-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 

JULY 14, 2011

_____________________________

 

JAMES
LYNN CAMPBELL,  

 

                                                                                         Appellant


v.

 

THE STATE OF
TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

 

NO. 57,233-A; HONORABLE HAL MINER, PRESIDING

_____________________________

 

Memorandum Opinion

_____________________________

 

 

Before QUINN, C.J., and
CAMPBELL and PIRTLE, JJ.

            James Lynn Campbell appeals his conviction
for possessing a controlled substance (cocaine).  He seeks reversal on the basis that the trial
court erred in admitting into evidence the cocaine since it was not properly
authenticated; that is, appellant questioned whether the State proved chain of
custody.  We affirm the judgment. 

            The pertinent standard of review is
one of abused discretion.  Martin
v. State, 173 S.W.3d
463, 467 (Tex. Crim. App. 2005).  Next, evidence is
authenticated when there is evidence sufficient to support a finding that the
matter in question is what its proponent claims.  Tex. R.
Evid. 901. 
Absent evidence of tampering, questions regarding the chain of custody
affect the weight a factfinder may assign to the evidence and not its
admissibility.  Davis
v. State, 313 S.W.3d 317,
348 (Tex. Crim. App. 2010).  Moreover, there must
be affirmative evidence of tampering presented by appellant before its
admission becomes improper; the potential for tampering or theoretical
tampering does not suffice.  Dossett
v. State, 216 S.W.3d 7,
17 (Tex. App.–San Antonio 2006, pet. ref’d).        

            Officer Scott Chappell brought the
baggie of cocaine at issue to court and testified that the crack cocaine was
contained in his evidence bag.  He also
stated that he 1) marked and labeled the baggie when he placed it in the
evidence bag, and 2) booked it into the evidence room of the police
department.  The officer testified that
1) the baggie was the same one depicted in a photograph taken at the scene of
the offense because it contained his evidence tag and his writing on the label,
and 2) the baggie was “similar to the picture.”   Then, he opined that laboratory personnel
may have placed his evidence bag into an outer sleeve.  When asked if the item appeared to have been
tampered with or altered in any way, the officer replied that someone had
attempted to lift fingerprints off the bag, Officer Peoples performed a
fingerprint examination on the bag, and the evidence had been released by
Officer Wheeler to the crime laboratory for analysis.  Neither Peoples nor Wheeler testified.  

            Next, Brandon Conrad, an employee of
the Department of Public Safety Crime Laboratory, stated that items received
are given an individual case number and placed into a secure vault until
retrieved by an analyst.  Exhibit 8 (the
baggie of drugs within the outer sleeve) was sealed and carried a laboratory
case number as well as Conrad’s initials and a date, according to Conrad.  The latter also testified that he performed
an analysis of the substance, that the results of the analysis appeared in
State’s Exhibit 9, and that the evidence did not appear to have been tampered
with.   

            To establish the chain of custody,
one need only prove the chain’s beginning and ending.  Shaw v. State, 329 S.W.3d 645, 654 (Tex. App.–Houston
[14th Dist.] 2010, pet. ref’d) (rejecting
the argument that the evidence was inadmissible because the State failed to
have all who may have touched the item testify about what they may have done
with it).  The testimony of Chappell and
Conrad did just that.  A moment-by-moment
account of where the evidence had been or who may have touched it is
unnecessary. Id.   So, the authenticity of the
cocaine was sufficiently established. 
And, that other identification marks may have appeared on the baggie, or
that someone once opined before analysis that the bag contained cocaine when
analysis showed it contained that drug and methamphetamine, or that Chappell
thought the baggie proffered at trial was similar to the one appearing in a
picture, or that someone attempted to fingerprint the bag are not affirmative
evidence of tampering. Consequently, the trial court did not abuse its
discretion in overruling appellant’s objection. 
See
Ennis v. State, 71 S.W.3d 804, 807-08 (Tex. App.–Texarkana 2002, no pet.) (finding
purported deficiencies of 1) an officer not being able to identify the weapons
at trial as the ones he saw in the defendant’s hand although they resembled
them, 2) failing to account for the discrepancy in time between the seizure of
the weapons and sealing the envelope in which they were placed, and 3)
inconsistent testimony regarding the envelope in which they were placed to be
nothing more than theoretical gaps).  

            Accordingly, we overrule the issue
and affirm the judgment. 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

Do
not publish.