NO. 07-09-0074-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 14, 2011
_____

JAMES LYNN CAMPBELL,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,233-A; HONORABLE HAL MINER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

James Lynn Campbell appeals his conviction for possessing a controlled substance (cocaine). He seeks reversal on the basis that the trial court erred in admitting into evidence the cocaine since it was not properly authenticated; that is, appellant questioned whether the State proved chain of custody. We affirm the judgment.

The pertinent standard of review is one of abused discretion. *Martin v. State,* 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). Next, evidence is authenticated when there is evidence sufficient to support a finding that the matter in question is what its proponent claims. TEX. R. EVID. 901. Absent evidence of tampering, questions regarding the chain of custody affect the weight a factfinder may assign to the evidence and not its admissibility. *Davis v. State,* 313 S.W.3d 317, 348 (Tex. Crim. App. 2010). Moreover, there must be affirmative evidence of tampering presented by appellant before its admission becomes improper; the potential for tampering or theoretical tampering does not suffice. *Dossett v. State,* 216 S.W.3d 7, 17 (Tex. App.–San Antonio 2006, pet. ref'd).

Officer Scott Chappell brought the baggie of cocaine at issue to court and testified that the crack cocaine was contained in his evidence bag. He also stated that he 1) marked and labeled the baggie when he placed it in the evidence bag, and 2) booked it into the evidence room of the police department. The officer testified that 1) the baggie was the same one depicted in a photograph taken at the scene of the offense because it contained his evidence tag and his writing on the label, and 2) the baggie was "similar to the picture." Then, he opined that laboratory personnel may have placed his evidence bag into an outer sleeve. When asked if the item appeared to have been tampered with or altered in any way, the officer replied that someone had attempted to lift fingerprints off the bag, Officer Peoples performed a fingerprint examination on the bag, and the evidence had been released by Officer Wheeler to the crime laboratory for analysis. Neither Peoples nor Wheeler testified.

Next, Brandon Conrad, an employee of the Department of Public Safety Crime Laboratory, stated that items received are given an individual case number and placed into a secure vault until retrieved by an analyst. Exhibit 8 (the baggie of drugs within the outer sleeve) was sealed and carried a laboratory case number as well as Conrad's initials and a date, according to Conrad. The latter also testified that he performed an analysis of the substance, that the results of the analysis appeared in State's Exhibit 9, and that the evidence did not appear to have been tampered with.

To establish the chain of custody, one need only prove the chain's beginning and ending. *Shaw v. State,* 329 S.W.3d 645, 654 (Tex. App.–Houston [14th Dist.] 2010, pet. ref'd) (rejecting the argument that the evidence was inadmissible because the State failed to have all who may have touched the item testify about what they may have done with it). The testimony of Chappell and Conrad did just that. A moment-by-moment account of where the evidence had been or who may have touched it is unnecessary. *Id.* So, the authenticity of the cocaine was sufficiently established. And, that other identification marks may have appeared on the baggie, or that someone once opined before analysis that the bag contained cocaine when analysis showed it contained that drug and methamphetamine, or that Chappell thought the baggie proffered at trial was similar to the one appearing in a picture, or that someone attempted to fingerprint the bag are not affirmative evidence of tampering. Consequently, the trial court did not abuse its discretion in overruling appellant's objection. *See Ennis v. State,* 71 S.W.3d 804, 807-08 (Tex. App.–Texarkana 2002, no pet.) (finding purported deficiencies of 1) an officer not being able to identify the weapons at trial as the ones he saw in the defendant's hand although they resembled them, 2) failing to account for the

3

discrepancy in time between the seizure of the weapons and sealing the envelope in which they were placed, and 3) inconsistent testimony regarding the envelope in which they were placed to be nothing more than theoretical gaps).

Accordingly, we overrule the issue and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.