NO. 07-10-0461-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 

JULY 25, 2011

________________________

 

DEMETRA
DESHONNE MITCHELL,  

 

                                                                                         Appellant

v.

 

THE STATE OF
TEXAS,  

 

                                                                                         Appellee

_________________________

 

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

 

NO. 10-04-7058; HONORABLE PAT PHELAN, PRESIDING

__________________________

 

Memorandum Opinion

__________________________

 

Before QUINN, C.J., CAMPBELL,
J., and BOYD, S.J.[1]

Demetra Deshonne Mitchell
was convicted after a jury trial of possession of a controlled substance
(cocaine) with intent to deliver in a drug free zone.  In seeking to reverse that conviction, she
contends 1) the trial court erred in admitting extraneous offenses after a
witness had allegedly opened the door to character evidence by describing
appellant as a “working class citizen,” 2) the trial court erred in refusing to
admit evidence of threats allegedly made by the State’s main witness against
other witnesses in the case, and 3) appellant received ineffective assistance
of counsel when her attorney failed to recognize that the door had been opened
to the admission of the aforementioned extraneous offenses and failed to
request a limiting instruction as to that evidence.  We affirm the judgment. 

            Background

            On October 27, 2009, Vincentia
Johnson, appellant’s cousin, agreed to assist Officer Shaun Wilson in
purchasing crack cocaine from appellant in exchange for his help in reducing or
dismissing a drug charge pending against Vincentia.  She called appellant to confirm that
appellant had cocaine at her residence.  Officers
then searched Vincentia and her car, and she was outfitted with an audio
recording device.  She was also given
$120 to purchase a “bill,” which is street language for $100 of drugs.  Vincentia was followed by officers to
appellant’s residence where she was observed entering it.  When she came out, she had cocaine and $20 on
her.

            Issue 1 – Admission of
Character Evidence

            In her first issue, appellant
contends that the use of the phrase “working class citizen” to describe her did
not open the door to admission by the State of evidence    impugning her character.[2]  The trial court disagreed, which resulted in
the State proffering evidence of her involvement in various extraneous
offenses.  We overrule the issue.

            The phrase in question was used by a
defense witness, Jakiki Garrett, who was living with
appellant at the time of the offense and being examined by defense
counsel.  Its use arose during the
following exchange:

Q.  During the
time you stayed with [appellant], did you ever see drugs or a scale?

            

A.   
No.

 

           Q. 
If you would have seen drugs, what would you have done?

            A. 
I couldn’t have been around it. 

            Q. 
Why not?

A.  I just - - I
just got out of trouble for that, you know. 
And, you know, to my common knowledge, you know, I was trying to change
myself, and I was working.

 

            I seen her go to work every day.  We had been at the house every day after
work.  She let me in.  I took my showers, or whatever.  She drove back and forth to work.  As far as I’m concerned, she was a working-class
citizen.

 

            Q. 
She was what?

 

            A. 
She was a working-class citizen.

(Emphasis
added).      

We review the trial court’s decision to admit or exclude
evidence under the standard of abused discretion.  Martin
v. State, 173 S.W.3d
463, 467 (Tex. Crim. App. 2005).  Thus, we cannot hold
that any error occurred unless the decision fell outside the zone of reasonable
disagreement.  Jordan v. State, 271 S.W.3d 850, 855 (Tex. App.–
Amarillo 2008, pet. ref’d).    

Next, we note that a party opens the door to otherwise
inadmissible evidence by leaving a false impression with a jury that invites
the other side to respond.  Hayden
v. State, 296 S.W.3d
549, 554 (Tex. Crim. App. 2009).  According to
appellant, referring to her as “a working class citizen” was not a comment upon
her good character but rather conveyed the impression that she simply was
someone who had a job and maintained the social status of “working class.”   

Admittedly, the statement is subject to interpretation.  One such interpretation was that mentioned by
appellant.[3]  Another, was the allusion
to her being an honest, law abiding, and hard-working person rather than a drug
dealer.  Moreover, before the comment was
made, the witness had testified about how appellant was his “friend,” how he
had recently been released from jail, “had nowhere to go,” and how appellant
“took [him] in” while he was “getting on [his] feet.”  He had also attempted to exculpate appellant
and discredit the testimony of Vincentia by denying that drugs and drug paraphernalia
were present when she was there.  Given
these circumstances, one could reasonably infer that the witness was attempting
to help his friend by portraying appellant as someone of good character.  At least, interpreting the use of the phrase
in such a manner would fall within the zone of reasonable disagreement.  Therefore, the trial court did not err in concluding
that appellant’s character for being honest and law-abiding had been placed in
debate.[4]  See Bass v. State, 270 S.W.3d 557, 563 (Tex. Crim. App.
2008) (holding that argument that the defendant was a pastor and minister and
“the real deal and the genuine article” opened the door to extraneous
offenses); Harrison v. State, 241 S.W.3d 23, 27-28 (Tex. Crim. App. 2007) (holding that
testimony that the defendant was a “good” and “sweet” boy opened the door to
extraneous offenses); Fuentes v. State, 991 S.W.2d 267, 280 (Tex. Crim. App.
1999) (holding that answers to questions as to whether the witness had ever
seen a person misbehave or cause trouble clearly asked about character).   

Issue 2 – Evidence of
Threats

Via his second issue, appellant contends that the trial court
should have allowed her to proffer evidence illustrating that Vincentia
threatened to assault any witness testifying on appellant’s behalf.  The evidence allegedly affected Vincentia’s
credibility and, therefore, was admissible. 
We overrule the issue.  

The possible animus, motive, ill will, or bias of a
prosecution witness is not irrelevant, and the defendant is entitled, subject
to reasonable restrictions, to show any relevant fact that might tend to
establish the same.  Billodeau v.
State, 277
S.W.3d 34, 42-43
(Tex. Crim. App. 2009);[5]
Tex. R. Evid. 613(b).  Yet, whether this rule obligated the trial
court to admit evidence of the threat is not a matter we need to decide.  This is so because appellant was not harmed
by exclusion, even if the trial court’s decision was wrong.  

That which appellant sought to do with the evidence was done
via other means.  Indeed, we are told by
appellant that Vincentia’s purported threat established a bias favoring the
State.  And, that bias arose from her
desire to forego incarceration for a separate offense and otherwise remain free
to care for her newly born child. 
Apparently, the State or police had struck a deal with her to forego
prosecution if she became a confidential informant.  This, undoubtedly, was an offer she thought
desirable since she had already lost one child while she served a previous
stint in prison. The deal allowed her to care for the new one.  Moreover, all this information, save for
evidence of the threat, was before the jury. 
So, appellant not only had but also pursued the opportunity to discredit
Vincentia by showing that she had a reason for working with and testifying
favorably for the State.  

Issue 3 – Ineffective
Assistance of Counsel

Finally, appellant contends that her counsel was ineffective
by eliciting testimony that opened the door to the character evidence addressed
under issue one and in failing to request a limiting instruction with respect
to that evidence.  We overrule the issue.

To prove a claim of ineffective assistance, one must
establish not only that counsel’s performance was deficient but that she
suffered prejudice as a result of it.  Cannon
v. State, 252 S.W.3d
342, 348-49 (Tex. Crim. App. 2008).  In
determining whether that burden has been met, we presume (until rebutted) that
counsel had legitimate strategies for his actions, Mata
v. State, 226 S.W.3d
425, 431 (Tex. Crim. App. 2007), and that presumption cannot generally be
overcome absent evidence in the record of the attorney’s reasons for his
conduct.  Ex
parte Niswanger, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011).  


Initially, we note that appellant’s question to the witness
related to what the witness would have done if he had observed drugs in
appellant’s house.  It was not designed
on its face to elicit the response that appellant was a “working class
citizen.”  See Harrison v.
State, 241 S.W.3d at 27
(noting that defendant’s counsel did not intentionally elicit testimony that
defendant was a “good” and “sweet” person). 
Indeed, it can be said that by asking the question, “she was what?”
counsel was surprised by the witness’ statement.  We, therefore, cannot say that he performed
deficiently by asking the question he did or by seeking to open the door to
adverse character evidence.      

We further note that the record fails to reveal why counsel
did not ask that the witness’ comment be struck or why he did not request a
limiting instruction of any type viz the jury’s consideration of the
evidence of extraneous offenses.  As for
the former, it may be that counsel initially viewed the purportedly unexpected
comment as favoring his client.  As for
the latter accusation of deficient conduct, counsel may have opted to remain
silent to avoid placing further attention upon the evidence in question.  Hill v. State, 303 S.W.3d 863, 879 (Tex. App.–Fort
Worth 2009, pet. ref’d) (stating that counsel is not
necessarily deficient in failing to request an instruction with respect to
extraneous offenses because it is possible he did not want to draw further
attention to those offenses).  Yet, these
explanations for counsel’s conduct are mere guesses since the record omits
evidence as to his motives or strategies. 
And, because the latter could be legitimate, we cannot say that
appellant proved a case of ineffective assistance.   

The judgment is affirmed. 

 

                                                                        Brian
Quinn 

                                                                        Chief
Justice  

Do
not publish.                 











[1]John T. Boyd, Senior Justice, sitting by assignment.





[2]The
evidence of extraneous offenses admitted by the State consisted of testimony
that appellant had been arrested twelve times. 
Those arrests related to the offenses of injury to a child, assault
causing bodily injury, aggravated assault causing serious bodily injury,
multiple thefts, multiple drug possessions, and assault.  Appellant had also been in the penitentiary
for seven years and had her probation revoked. 





[3]Garrett
testified later that he called appellant a “working class citizen” because he
had “always known her to have a job.”





[4]To
the extent that appellant also argues that the evidence admitted to rebut the
allegedly false impression was excessive, no objection expressing that
complaint was uttered at trial.  So, it
was not preserved for review.  Heidelberg v. State, 144 S.W.3d 535, 537
(Tex. Crim. App. 2004) (holding that the grounds asserted on appeal must
comport with those mentioned at trial).





 

[5]Appellant
relies upon Bilodeau v. State, 277 S.W.3d 34
(Tex. Crim. App. 2009) in support of her argument that the evidence is
admissible.  However, that case involved
a threat made by a child complainant prior to a molestation trial to falsely
accuse two neighbors of molestation. Id. at 38.  Those facts are not analogous to those before
us.