

## NUMBER 13-12-00608-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**BILLY DEAN BUTLER,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 156th District Court
### of Bee County, Texas.

# MEMORANDUM OPINION ON REMAND

**Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion On Remand by Justice Benavides**

This case is before us on remand from the Texas Court of Criminal Appeals. *See Butler v. State*, No. 13-12-00608-CR, 2014 WL 1272232, at *6 (Tex. App.—Corpus Christi Mar. 27, 2014), *rev'd and remanded*, *Butler v. State*, 459 S.W.3d 595, 606 (Tex. Crim. App. 2015). The court of criminal appeals reversed this Court's previous judgment and remanded the case for us to determine whether the evidence of the text messages

admitted at trial were inadmissible under rules of evidence 403 and 404(b).   We affirm.

## I.   ADMISSIBILITY OF EVIDENCE[1]

By his sole issue on appeal, Butler asserts that the trial court abused its discretion by admitting unauthenticated and irrelevant text messages into evidence.   Because the court of criminal appeals ruled that the trial court did not abuse its discretion in finding the text messages authenticated, *see id.* at 605, we now address Butler's argument regarding the exhibit's admissibility under Rules 403 and 404(b).   *See* TEX. R. EVID. 403, 404(b).

### A.  Standard of Review and Applicable Law

"The standard of review for a trial court's ruling under the Rules of Evidence is abuse of discretion."   *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005) (citing *Sauceda v. State,* 129 S.W.3d 116, 120 (Tex. Crim. App. 2004)).   If the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made, then we must uphold the judgment.   *Id.* (internal citations omitted).   Extraneous-offense evidence is admissible under both Rules 404(b) and 403 if that evidence satisfies a two-prong test:   whether the extraneous offense evidence is relevant to a fact of consequence in the case apart from its tendency to prove conduct in conformity with character; and whether the probative value of the evidence is not substantially outweighed by unfair prejudice.   *Id.* (internal citations omitted).   Appellate courts will uphold a trial court's ruling on the admissibility of evidence as long as the trial

---

[1] As this is a memorandum opinion on remand and the parties are familiar with the factual and procedural histories of this case, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.1.   For a more detailed recitation of the factual and procedural backgrounds of this case, *see Butler v. State*, 459 S.W.3d 595, 598–600 (Tex. Crim. App. 2015).

court's ruling was at least within the zone of reasonable disagreement. *Id.* (internal citation and quotations omitted).

**B. Discussion**

Butler argues that the text messages admitted into evidence were inadmissible because they (1) constitute an extraneous offense under rule of evidence 404(b), and (2) the exhibit's probative value was outweighed by its unfair prejudice and confusion of the issues under rule of evidence 403. We disagree with both arguments.

Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. TEX. R. EVID. 404(b)(1). However, the evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *Id.* R. 404(b)(2). Additionally, a trial court may exclude evidence, even if evidence is relevant, if its probative value is substantially outweighed by a danger of unfair prejudice or confusion of the issues. *Id.* R. 403.

The text messages involved in this case deal with communication between Butler and the complainant prior to trial. In these messages, Butler calls the complainant a "snithin [sic] ass bitch" and threatens to kill her and her family for speaking to the police related to the instant case. Acts designed to reduce the likelihood of prosecution, conviction, or incarceration for the offense on trial are admissible under Rule 404(b) because the acts show a "consciousness of guilt." *See Ransom v. State*, 920 S.W.2d 288, 299 (Tex. Crim. App. 1994). These acts include threats against witnesses and their families. *Id.* Threats or other attempts at coercion are hardly the actions of an innocent

3

accused, and evidence of such is every bit as probative of guilt as would be flight by the accused. *Peoples v. State*, 874 S.W.2d 804, 809 (Tex. App.—Fort Worth 1994, pet. ref'd). Therefore, we conclude that the trial court did not abuse its discretion in admitting the text messages over Butler's Rule 404(b) and Rule 403 objections because the evidence showed Butler's consciousness of guilt leading up to trial, and under the facts of this case, such consciousness of guilt evidence outweighed any prejudicial impact or confusion of issues. *See Ransom*, 920 S.W.2d at 299. Butler's sole issue is overruled.

## II. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
10th day of December, 2015.

4