

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00133-CR

---

## JOSH RANDALL OAKLEY, APPELLANT

### V.

## THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 75,869-C-CR, Honorable Ana Estevez, Presiding

---

September 16, 2022

## MEMORANDUM OPINION

### Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Josh Randall Oakley, appeals from his jury conviction for the first-degree felony offense of aggravated assault with a deadly weapon causing serious bodily injury to a person with whom he had a dating relationship.[1]   Through three issues, Appellant challenges his conviction arguing the trial court erred in admitting two

---

[1]TEX. PENAL CODE ANN. § 22.02(b)(1).

misdemeanor judgments arising from the same criminal transaction as the aggravated assault. We affirm the judgment of conviction.

## BACKGROUND

Appellant was charged via indictment with the aggravated assault of his girlfriend, Erica Shelton. He pleaded "not guilty," and the matter was tried to a jury. Through the testimony of several witnesses, the State introduced evidence that Shelton had rented a hotel room at the Super 8 motel, where she met Appellant. After consuming cocaine with Appellant, the two began to argue. When the argument escalated, Shelton attempted to leave the room. Appellant struck Shelton in the face with his fist, causing her to fall to the floor. As Shelton fell to the ground, she covered her face with her hands as Appellant continued to punch her. Appellant began to kick Shelton and hit her arms. Shelton heard a knock at the door and Appellant barricaded the door with furniture. Shelton is "pretty sure" she yelled out whenever she heard someone knocking on the door, but Appellant continued to "pound" on Shelton.

The hotel guests in an adjoining room reported a disturbance to the desk clerk. When the desk clerk went to Shelton's room, she knocked and said, "open the door." The clerk heard a woman inside the room crying, "save me," and a male voice saying, "no, no, no." The desk clerk called 9-1-1 and waited for law enforcement to arrive.

Amarillo Police Officer Austin Billstrom was dispatched to the hotel "to a fight in progress." When he arrived at Shelton's room, he could hear Shelton screaming and the sound of furniture being thrown around the room. He heard Appellant say, "This can't be fixed and you're not leaving." Billstrom saw the door open slightly before it was caught

2

by the security latch. Through the gap in the door, Billstrom could see Shelton in distress, covered in blood, and trying to get out of the room. Billstrom saw Appellant come from behind Shelton and strike her in the face with his closed fist. After Appellant hit Shelton, she fell to the floor and pleaded with Appellant to let her out of the room. Then, Appellant hit her a second time and she became unresponsive. After identifying himself as a police officer, Billstrom unsuccessfully tried to convince Appellant to open the door. Instead, Appellant responded that Billstrom should "kill him, or [Appellant] would kill" Billstrom. As backup officers arrived, they went around to the back of the hotel and gained entry to the room by breaking a window.

As officers entered the room, Appellant was pushing against the door to prevent other officers from entering the room through the door. Billstrom drew his taser and ordered Appellant to the ground. Appellant refused and began to struggle with the officers to keep his hands from being restrained. Appellant continued to fight the officers and refused to comply with their commands. After deploying a taser, officers were able to cuff Appellant and place him under arrest.

Shelton was taken by ambulance to the emergency room where she was treated for her injuries. As a result of the assault, Shelton suffered a broken arm which required surgery. Her treating physician, Dr. Kennedy, testified that Shelton sustained "lots of bruising. Lots of facial trauma." Shelton further sustained nerve damage to her chin and jaw. As of the time of trial, she was being treated for pain and reduced range of motion in her arm. Shelton was diagnosed as permanently disabled with PTSD as a result of the assault.

3

During the guilt/innocence phase of trial, the State offered into evidence two exhibits reflecting misdemeanor judgments of conviction and supporting paperwork arising out of the hotel assault.[2]  These exhibits showed that Appellant pleaded guilty to unlawful restraint of Shelton and resisting arrest by Officer Billstrom.  The trial court admitted the documents with a limiting instruction.  The jury found Appellant guilty and sentenced him to twenty-five years' incarceration.

By his appeal, Appellant brings three issues.  He contends the trial court erred: (1) in admitting the exhibits over his relevance objection, (2) in admitting the exhibits over his objection that they were unduly prejudicial, and (3) in admitting the exhibits with an improper limiting instruction.

**LAW AND ANALYSIS**

Admission of Evidence

In his first and second issues, Appellant argues the trial court abused its discretion by admitting the challenged exhibits over his objections.  Appellant contends these exhibits were not relevant and their probative value was outweighed by the danger of unfair prejudice under Rule 403.  *See* TEX. R. EVID. 401; 403.[3]  The State responds that

---

[2] Each exhibit consisted of a certified copy of a complaint, information, and judgment of conviction indicating Appellant pleaded guilty to a Class A misdemeanor: (1) unlawful restraint, *see* TEX. PENAL CODE ANN. § 20.02, and (2) resisting arrest, *see* TEX. PENAL CODE ANN. § 38.03.  These convictions arose out of conduct occurring during the same transaction as the aggravated assault for which Appellant was being tried.  Further references to "the exhibits" or "the challenged exhibits" will refer to these documents.

[3] Further references to the Texas Rules of Evidence will be by reference to "Rule __."

4

the exhibits were admissible to show Appellant's state of mind and the context surrounding the aggravated assault.

We review a trial court's decision to admit evidence for an abuse of discretion. *Colone v. State*, 573 S.W.3d 249, 263–64 (Tex. Crim. App. 2019). "As long as the trial court's ruling is within the 'zone of reasonable disagreement,' there is no abuse of discretion, and the trial court's ruling will be upheld." *Devoe v. State,* 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

"Relevant evidence is evidence which has any tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence." *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018) (citing Rule 401). While "relevant evidence is generally admissible, irrelevant evidence is not." *Id.* (citing Rule 402). Evidence of other crimes, wrongs, or acts is relevant and admissible if such evidence logically serves to make more or less probable an elemental fact, an evidentiary fact that inferentially leads to an elemental fact, or defensive evidence that undermines an elemental fact. *Martinez v. State,* 304 S.W.3d 642, 657 (Tex. App.—Amarillo 2010, pet. ref'd) (quoting *Martin v. State,* 173 S.W.3d 463, 466 (Tex. Crim. App. 2005) (en banc)).

Evidence of another crime, wrong, or act may also be admissible as same-transaction contextual evidence where "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof . . . of any one of [the crimes] cannot be given without showing the others." *Wyatt v. State,* 23 S.W.3d 18, 25 (Tex. Crim. App. 2000) (quoting *Rogers v. State,* 853 S.W.2d

5

29, 33 (Tex. Crim. App. 1993)).  As such, a jury is entitled to know all relevant surrounding facts and circumstances of the charged offense.  *Id.*

In this case, the State was required to prove that Appellant intentionally, knowingly, or recklessly caused serious bodily injury to Shelton.  *See* TEX. PENAL CODE ANN. § 22.02(a)(1).  Appellant's conviction for unlawfully restraining Shelton was relevant because it made a fact of consequence—Appellant's intent to assault Shelton—more probable.  Rule 401; *see also Rodriguez v. State*, 553 S.W.3d 733, 743 (Tex. App.—Amarillo 2018, no pet.) (evidence of extraneous offense was relevant to establish intent to assault victim because Appellant assaulted his mother in same transaction and then resumed assault of victim).  Further, Appellant's resisting arrest conviction provided evidence probative of his guilty knowledge.  *See Panus v. State,* No. 03-17-00719-CR, 2018 Tex. App. LEXIS 7015, at *11 (Tex. App.—Austin Aug. 30, 2018, pet. ref'd) (mem. op., not designated for publication) (evidence that defendant resisted arrest is probative of defendant's consciousness of guilt and admissible under Rule 404(b)).  Moreover, the exhibits have relevance as same-transaction contextual evidence.  The evidence at trial established that the contemporaneous offenses of unlawful restraint and resisting arrest were part of a continuous violent episode that ultimately resulted in Shelton sustaining serious bodily injuries.  *See Devoe,* 354 S.W.3d at 469–70.  We hold that the trial judge's ruling that the challenged exhibits are relevant was within the zone of reasonable disagreement and they were properly admitted.  *Id.*  Accordingly, we overrule issue one.

Appellant also objected to the exhibits on Rule 403 grounds.  Relevant evidence is properly excluded under Rule 403 when its probative value is substantially outweighed by the danger of unfair prejudice.  Rule 403; *Casey v. State,* 215 S.W.3d 870, 879 (Tex.

Crim. App. 2007). An analysis under Rule 403 includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Hernandez v. State,* 390 S.W.3d 310, 324 (Tex. Crim. App. 2012). Rule 403 favors the admissibility of relevant evidence, and relevant evidence is presumed to be more probative than prejudicial. *Rayford v. State,* 125 S.W.3d 521, 529 (Tex. Crim. App. 2003). "Virtually all evidence that a party offers will be prejudicial to the opponent's case, or the party would not offer it. Evidence is unfairly prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *Casey,* 215 S.W.3d at 883 (internal citations omitted).

Applying the Rule 403 factors, we note, as discussed above, that the challenged exhibits are relevant as probative of establishing Appellant's intent or knowledge; the exhibits are less heinous than the charged offense and thus unlikely to impress the jury in an irrational way; and the evidentiary portion of Appellant's trial lasted three days and the presentation of the exhibits did not consume an inordinate amount of time. However, the State's need for these exhibits was slight given the compelling testimonial evidence from the victim and law enforcement concerning Appellant's guilt of the other offenses. On the whole, the balancing factors weigh in favor of admission. Based on our review of the record, the trial court could have reasonably concluded that the probative value of the exhibits was not substantially outweighed by the danger of unfair prejudice. Accordingly, the trial court did not abuse its discretion in admitting the challenged exhibits over Appellant's Rule 403 objection. Appellant's second issue is overruled.

<u>Limiting Instruction</u>

In his third issue, Appellant makes two arguments. First, he asserts that a limiting instruction cannot cure the admission of irrelevant evidence or evidence that violates Rule 403. This argument is resolved by our analysis above wherein we determined that the challenged exhibits were relevant and did not violate Rule 403. *See Ramos v. State,* 245 S.W.3d 410, 418 (Tex. Crim. App. 2008) (trial court's evidentiary rulings will be upheld if reasonably supported by the record and correct under any theory of law applicable to the case). As such, we overrule this portion of Appellant's issue.

Appellant's second argument is that the instruction did not limit the use of the exhibits to the reasons proffered by the State. In the instruction, the court told the jury that it could not consider "evidence, if any, that [Appellant] has previously participated in recent transactions or acts, other than that which is charged in the indictment" for any purpose "unless you find and believe beyond a reasonable doubt that [Appellant] participated in such transactions or committed such acts" and, even then, the evidence could only be considered for the purpose of determining Appellant's "intent or knowledge or motive or opportunity or preparation or plan or identity or absence of mistake or accident or state of mind or rebuttal of a defense theory." In Appellant's view, the trial court erred by this overbroad instruction, yet Appellant made no objection at trial to its lack of specificity.[4] Consequently, Appellant waived any complaint regarding the

---

[4] Not only did Appellant fail to object to the wording of the limiting instruction, he requested that the limiting instruction be included in the jury's charge. *See Plante v. State,* 692 S.W.2d 487, 493 (Tex. Crim. App. 1985) (en banc) (as appellant received the instruction he requested, he cannot complain on appeal about the wording of the limiting instruction); *Nash v. State,* No. 02-17-00236-CR, No. 02-17-00237-CR, 2018 Tex. App. LEXIS 7726, at *18 (Tex. App.—Fort Worth Sept. 20, 2019, pet. ref'd) (mem. op., not designated for publication).

instruction.  *See Landers v. State,* No. 07-10-00130-CR, 2011 Tex. App. LEXIS 2982, at *2 (Tex. App.—Amarillo Apr. 19, 2011, pet. ref'd) (mem. op., not designated for publication) (a complaint about a limiting instruction is waived when not made in the trial court).  We overrule this portion of Appellant's issue.

We overrule Appellant's third issue.

## CONCLUSION

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

9