Opinion filed October 17, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00318-CR

_____

## GEORGE WILLIAMS, III, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No.  24282A**

## M E M O R A N D U M   O P I N I O N

The jury convicted George Williams, III of the offense of possession of cocaine, and the trial court granted a mistrial on a charge of tampering with evidence because the jury was unable to reach a unanimous verdict.  The trial court assessed Appellant's punishment at confinement for two years and a fine of

$1,500, but it suspended the imposition of the confinement portion of the sentence and placed Appellant on community supervision for five years. Appellant challenges his conviction in three issues related to the admissibility of an extraneous offense. We affirm.

While on patrol one night, Officer Andrew Valdez saw Appellant driving away from a known drug neighborhood and ran a computer check on the vehicle's license plate. After he observed Appellant fail to stop at a blinking red light, Officer Valdez conducted a traffic stop and requested a canine unit. Officer Valdez approached Appellant and told him the reason for the stop. As they were speaking, Officer Matt Allen arrived to assist and approached Appellant's vehicle on the passenger's side. Officer Allen testified at trial that he stood so that it was difficult for the driver to see him without turning around and that Appellant did not appear to know he was there.

When Officer Valdez returned to his patrol vehicle to run a warrant check, Officer Allen continued watching Appellant's actions. Officer Allen noticed that Appellant kept his eyes trained on Officer Valdez through the mirrors on the vehicle and that Appellant appeared to "retriev[e] an object from within his sock" and put it in his mouth. Officer Allen shined his flashlight at Appellant's right hand and instructed Appellant to show him what was in Appellant's hand. After transferring an object to his left hand, Appellant showed Officer Allen a lighter that he held in his right hand. As Officer Allen moved to the driver's side of the vehicle, he saw Appellant make a throwing motion toward the open driver's-side window. Officer Valdez got out of his vehicle to see what was happening; Officer Allen discovered a rock of crack cocaine behind the front tire. Officer Allen testified that he asked Appellant "to open his mouth, and surprisingly he did." Although Appellant had said that he had nothing in his mouth, Officer Allen observed a "white chalky substance that was obviously freshly ground up in

2

the back molars of the right side of his mouth." Officer Valdez also looked into Appellant's mouth, and "on his right back molar[,] there was a white cake-like substance attached to it that appeared to be cocaine." The officers arrested Appellant for possessing a controlled substance and tampering with evidence.

A year before the traffic stop in question, Detective Katy Shriver conducted a traffic stop after she saw Appellant fail to signal when he left a known drug house. Detective Shriver talked to Appellant while a canine conducted a free air sniff, and Appellant spoke minimally. When the canine alerted, Detective Shriver asked Appellant to show the officers the inside of his mouth and under his tongue, but because he kept tilting back his head, the officers could not see inside his mouth. When one of the officers grabbed Appellant's jaw to steady his mouth, Appellant began moving his mouth as if he were chewing. Although the officers tried to prevent him from swallowing, they could not find a substance in his mouth. They did find bits of a white substance on Appellant's upper lip. The bits tested positive for crack cocaine. There was testimony that the district attorney chose not to seek an indictment because of a lack of evidence. The trial court admitted this evidence but charged the jury not to consider it unless the jury found beyond a reasonable doubt that Appellant committed these acts.

In three issues, Appellant contends that the trial court erred when it admitted evidence showing that he committed the same offense during a previous traffic stop. Appellant challenges the relevance of this evidence in his first issue and the prejudicial effect in his second issue, and in his third issue, Appellant argues that the evidence was not admissible under TEX. R. EVID. 404(b) "because the State conceded that there was insufficient evidence to take the case to a Grand Jury." Specifically, Appellant contends that "[t]here was no proof of cocaine being involved. There [were] no furtive gestures in the [prior traffic stop] and no evidence of foreign objects in Appellant's mouth." Appellant argues that the

3

evidence is not relevant other than to impermissibly prove character conformity because it "only shows another stop by the police and does nothing to show intent on the part of Appellant to possess cocaine or tamper with evidence."

Whether evidence of an extraneous act is relevant apart from character conformity is a question for the trial court. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). We review a trial court's ruling on the admissibility of an extraneous offense for an abuse of discretion. *Id.* There is no abuse of discretion as long as the trial court's ruling is within the zone of reasonable disagreement. *Id.* We will uphold the trial court's ruling if it is correct under any theory of law applicable to the case. *Id.*

"A bedrock condition" of the admissibility of any evidence "is its relevance to an issue in the case." *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. "All relevant evidence is admissible, except as otherwise provided by . . . these rules . . . . Evidence which is not relevant is inadmissible." TEX. R. EVID. 402. Rule 404(b) prohibits a trial court from admitting evidence of an extraneous offense to prove that the defendant acted in conformity with the character that he demonstrated when committing the previous bad act. *Santellan v. State*, 939 S.W.2d 155, 168 (Tex. Crim. App. 1997). Thus, evidence of extraneous acts must be "relevant to a fact of consequence apart from its tendency to show conduct in conformity with character." *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

Therefore, to be admissible, (1) the evidence must be relevant apart from showing actions in conformity with character and (2) the probative value must not be substantially outweighed by the danger of unfair prejudice. *De La Paz*, 279 S.W.3d at 344; *see* TEX. R. EVID. 401, 402, 403, 404(b).

4

It is well established that uncharged misconduct is admissible to rebut a defensive issue that negates an element of the offense. *Martin v. State*, 173 S.W.3d 463, 466 (Tex. Crim. App. 2005); *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991). Evidence of prior bad acts is admissible "if such evidence logically serves to make more or less probable an elemental fact, an evidentiary fact that inferentially leads to an elemental fact, or defensive evidence that undermines an elemental fact." *Martin*, 173 S.W.3d at 466. "The threshold inquiry a court must make before admitting similar act evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988).

Appellant's theory at trial was to attack the State's evidence; Appellant argued that anything he threw out the window would have blown away in the wind and that one officer described the substance as white while the other said it was off-white. The State contends that the evidence was relevant "to establish [A]ppellant's modus operandi." In response, Appellant argues that, "[w]hen the State conceded that there was not sufficient evidence to take the case to a Grand Jury[,] then the evidence of the prior stop evidence should not have been admitted." Appellant argues that the evidence is insufficient to show that he was chewing cocaine in the prior incident and that the evidence is not proper Rule 404(b) evidence because chewing something to destroy it is only an offense if the item is a controlled substance. Specifically, he contends that "[t]here was no proof of cocaine being involved" in the prior traffic stop and "no evidence of foreign objects in Appellant's mouth."

"When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to the introduction of evidence sufficient to support a finding of the fulfillment of the condition." TEX. R. EVID. 104(b). To determine whether the proponent introduced evidence

5

sufficient to satisfy Rule 104(b), a court must examine all of the evidence in the case and decide whether the jury could reasonably find the conditional fact—here, that the chewed-up substance was cocaine—by a preponderance of the evidence. *Huddleston*, 485 U.S. at 690. "[I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts." *Id.* at 691.

"In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Id.* at 689. In *Huddleston*, the defendant was accused of possessing and selling stolen Memorex tapes, and the State had to prove that the defendant had knowledge that the goods were stolen. The State introduced evidence that the defendant had sold televisions for $28 each and could obtain several thousand televisions and that the defendant was arrested after he agreed to sell refrigerators to an undercover FBI agent; the refrigerators were part of a stolen shipment. *Id.* at 683. The defendant in that case did not argue that the admission of the refrigerator testimony was improper Rule 404(b) evidence because there was evidence that the refrigerators were stolen; instead, he argued that the evidence related to television sales was inadmissible because the State failed to prove to the trial court that they were in fact stolen. *Id.* at 686. The Supreme Court concluded that a jury could have reasonably concluded that the televisions were stolen and reasoned as follows:

> In assessing whether the evidence was sufficient to support a finding that the televisions were stolen, the court here was required to consider not only the direct evidence on that point—the low price of the televisions, the large quantity offered for sale, and petitioner's inability to produce a bill of sale—but also the evidence concerning petitioner's involvement in the sales of other stolen merchandise obtained from [the same seller], such as the Memorex tapes and [refrigerators].

6

*Id.* at 691.

Thus, when assessing the sufficiency of the evidence to support a finding that it was crack cocaine that Appellant was chewing during the prior traffic stop, the trial court could consider the direct evidence on that point, as well as evidence that Appellant chewed crack cocaine during the later traffic stop. *See id.* Detective Shriver testified that, during the prior stop, a canine alerted and that Appellant spoke minimally, tried to prevent the officers from looking into his mouth, began chewing when officers grabbed his jaw to get a better look, and had remnants on his lip that tested positive for crack cocaine. During the stop at issue in this case, Officer Allen saw Appellant retrieve something from his sock and put something in his mouth, and both officers observed a white chalky substance on Appellant's teeth. Given this evidence, the jury reasonably could have concluded that the substance on Appellant's teeth was crack cocaine. In light of the defensive theory, evidence that Appellant chewed and destroyed crack cocaine during the prior traffic stop increases the likelihood that Appellant chewed and destroyed crack cocaine during this traffic stop. Such evidence logically serves to make it less probable that the same circumstances accidentally or mistakenly occurred in this instance and was, consequently, relevant to show lack of accident or mistake. *See id.* Appellant's first and third issues are overruled.

With regard to Appellant's complaint in Issue Two, which challenges the admissibility determination under Rule 403, Appellant does not explain why he feels this evidence violates Rule 403; he merely contends that this evidence "only showed Appellant's actions when stopped by the police one year prior to the present case." Appellant does not explain which danger substantially outweighs the probative value or why the evidence was prejudicial, confusing, misleading, or cumulative, and we will not make Appellant's argument for him. *See Santellan*, 939 S.W.2d at 173 (describing photographs as unfairly prejudicial and describing

7

the contents of the photographs as "not enough information for this Court to adequately address appellant's unarticulated Rule 403 complaints about these pictures"). We cannot hold that the probative value of showing a lack of accident or mistake was substantially outweighed by the danger of unfair prejudice or the misleading nature of the evidence. The trial court's ruling was within the zone of reasonable disagreement and, thus, not an abuse of discretion. Appellant's second issue is overruled.

We affirm the judgment of the trial court.


                                        JIM R. WRIGHT
                                        CHIEF JUSTICE


October 17, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.