**Brian Douglas MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–03–244 CR.**

Court of Appeals of Texas, Beaumont.

Submitted May 13, 2004.

Delivered Aug. 25, 2004.

---

Janet Morrow, Gerald E. Bourque, Spring, for appellant.

John S. Holleman, Criminal Dist. Atty., William Lee Hon, Asst. Criminal Dist. Atty., Livingston, for state.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

The State charged Brian Douglas Martin with intentionally or knowingly causing penetration of the female sexual organ of "Susie Smith" with Martin's male sexual

organ "without the consent" of "Susie Smith."[1] Over Martin's objections, the trial court admitted rebuttal evidence offered by the State that Martin had sexually assaulted another woman approximately three months prior to the commission of the instant offense. The pertinent facts of the case are not disputed. Martin testified in his defense and admitted that he and Ms. Smith engaged in sexual intercourse on the day alleged. However, Martin testified that Ms. Smith was a fully willing participant in the sexual intercourse and did not ask him to stop nor make any objections before, during, or after the intercourse took place. The only reasons Martin could think of as to why Ms. Smith would later file sexual assault charges against him was because he stopped calling her, and because of the fact that Martin got married five days after the sexual encounter took place.

Martin's lone appellate issue contends the trial court erred in admitting the extraneous offense evidence because it was not relevant, was not admissible under Tex.R. Evid. 404(b), and its probative value was substantially outweighed by it being unfairly prejudicial under Tex.R. Evid. 403. Martin argues that our case of *Davis v. State*, 979 S.W.2d 863 (Tex.App.-Beaumont 1998, no pet.) addressed the exact issue he presents, but is entirely inconsistent with two cases favorable to his position, those being *Owens v. State*, 827 S.W.2d 911 (Tex.Crim.App.1992), and *Webb v. State*, 36 S.W.3d 164 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). Martin requests that we either distinguish or reconcile our *Davis* case with both *Owens* and *Webb*.

■ Relevant evidence of a person's character is generally not admissible for the purpose of showing that he acted in conformity therewith. *Montgomery v. State*, 810 S.W.2d 372, 386-88 (Tex.Crim.App.1990)(opinion on rehearing). This evidence may, however, be admissible when it is relevant to a noncharacter conformity fact of consequence in the case, such as rebutting a defensive theory. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim.App.2001); *Montgomery*, 810 S.W.2d at 387-88. The proponent of the evidence may persuade the trial court that the other crime, wrong, or act has relevance apart from character conformity; that it tends to establish some elemental fact, such as identity or intent; that it tends to establish some evidentiary fact, such as motive, opportunity, or preparation, leading inferentially to an elemental fact; or that it rebuts a defensive theory by showing, e.g., absence of mistake or accident. *Montgomery*, 810 S.W.2d at 387-88.

■ Because trial courts are in the best position to make the call on these substantive admissibility questions, an appellate court must review a trial court's admissibility decision under an abuse of discretion standard. *Powell*, 63 S.W.3d at 438. This standard requires an appellate court to uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Id.* An appellate court would misapply the appellate abuse of discretion standard of review by reversing a trial court's admissibility decision solely because the appellate court disagreed with it. *Id.*

At the outset, we note that Martin has mischaracterized our opinion in *Davis*, and, because of the particular facts and circumstances of the instant case, his reliance on both *Owens* and *Webb* is mis-

---

1. "Susie Smith" is a pseudonym used instead of the victim's name in all public files and records for privacy purposes. *See* Tex.Code Crim. Proc. Ann. art. 57.02(b) (Vernon Supp. 2004).

placed. An examination of the record indicates that the basis for admitting the extraneous sexual assault evidence was because Martin raised a defensive theory during his testimony in that he testified that Ms. Smith did indeed consent to the sexual intercourse. As lack of "consent" on the part of the complainant was an element of the charged offense, "consent" was an "elemental fact" which the State had to prove to the jury beyond a reasonable doubt. It was this element of the offense on which Martin attempted to raise reasonable doubt through his own evidentiary presentation. *See Montgomery v. State*, 810 S.W.2d at 387–88.

The *Owens* case is not germane to the instant issue as Owens was charged with aggravated sexual assault of an eleven-year-old child, and the law does not permit a child-victim of an aggravated sexual assault to consent to the sexual encounter. *Owens*, 827 S.W.2d at 913. *See also May v. State*, 919 S.W.2d 422, 423 n. 1, 424 (Tex.Crim.App.1996). Furthermore, the defendant in *Owens* testified and denied having any sexual contact with the child-victim. *Id.* at 913. Indeed, a careful reading of *Owens* indicates the Court of Criminal Appeals essentially found no plausible "defensive theory" was raised by the evidence and therefore the extraneous offense evidence was "relevant" only for the improper purpose of showing propensity. *Id.* at 916–17.

The *Webb* case suffers from essentially the same infirmity, for our purposes, as does *Owens*. The defendant in *Webb* also flatly denied that he and the victim ever engaged in the sexual acts testified to by the victim. *Webb*, 36 S.W.3d at 172. The *Webb* Court noted that, to be admissible, the extraneous offense must have relevance to a "fact of consequence" in the case. *Id.* at 180. As the lone issue in *Webb*, like that in *Owens*, was whether or not the sexual encounter actually took place, evidence of any prior extraneous sexual assault offense committed on a different victim had no relevance except to show the defendant's propensity to commit sexual assaults. *Id.* at 181.

In describing our opinion in *Davis*, Martin's brief contains the following assertion:

This Court recognized that the defensive theory of consent in *Davis* may have opened the door to rebuttal, but the Court failed to go on to recognize that Rule 404(b) still stood in that doorway to guard against the impermissible entry of an extraneous offense that was relevant *only* through showing character conformity. (emphasis in original)

We quote the following from *Davis*:

Although we find that Davis opened the door to rebuttal evidence concerning the defensive theory of consent, we are still required, under a Rule 404(b) objection, to consider whether the extraneous offense testimony was relevant to any fact of consequence in the case other than character conformity. *See Rankin v. State*, 974 S.W.2d 707, 719–20 (Tex. Crim.App.1996) (op. on reh'g); *Montgomery v. State*, 810 S.W.2d at 387–88. We conclude it was. Testimony that Davis had on prior occasions and under similar facts restrained Wallace and Flenoury for several hours, while either attempting and/or completing anal sex without their consent, makes it more likely that Davis intended to restrain, beat, and have anal, oral, and vaginal sex with DP without her consent. Intent to have sex without the consent of DP was an elemental fact. Since appellant's statement raised the defensive issue of consent, the State could introduce evidence that made "less probable" that defensive issue. *See Montgomery v. State*, 810 S.W.2d at 387. We conclude the trial court did not err in admitting

the testimony regarding the extraneous offenses. . . .

*Davis,* 979 S.W.2d at 867 (footnote omitted). It is clear in *Davis* that we recognized Rule 404(b) could prevent otherwise relevant rebuttal evidence from being admitted if said evidence had no relevance *apart from* proof of character conformity. *See Powell,* 63 S.W.3d at 439.

Martin alleges that the law on extraneous offense/bad act admissibility is so confusing that "it has become almost like a 'Bible' in which opposite sides can find authority." As does the instant opinion, our opinion in *Davis* cited to and relied upon the seminal case on the issue: *Montgomery v. State, supra. See Davis,* 979 S.W.2d at 866, 867. *Montgomery* continues to be used as the "gold standard" for analyzing issues questioning the admissibility or inadmissibility of extraneous offense/bad act evidence. *See Erazo v. State,* No. 2206–02, 2004 WL 1353463, 144 S.W.3d 487 (Tex.Crim.App. June 16, 2004); *Page v. State,* 137 S.W.3d 75, 78 (Tex. Crim.App.2004). As *Davis* basically relied upon *Montgomery* and its progeny, we have no need to revisit, distinguish, or reconcile *Davis* in order to properly address Martin's issue.

 As noted above, Ms. Smith's lack of consent was an element of the offense. Martin explicitly testified that Ms. Smith did indeed consent and was a willing participant in the sexual intercourse. The trial court admirably performed its "gatekeeping" function by not permitting the State to use the extraneous sexual assault evidence until after Martin presented his defensive theory in his testimony. At that point, the extraneous sexual assault evidence became relevant under Rule 401 as it logically served to make "less probable" the defensive evidence that Ms. Smith was a willing participant in the sexual act to which she testified. It was further admissible under Rule 404(b) as its admission was for a purpose other than to merely show Martin's character as a sexual predator. Finally, its probative value in rebutting Martin's defensive theory of consent was not substantially outweighed by danger of unfair prejudice, as contemplated under Rule 403. As we have noted before, the effect of the admission of certain extraneous offense/bad act evidence is not *unfairly* prejudicial because any "prejudicial" effect lies in its probative value rather than in an unrelated matter. *See Saxer v. State,* 115 S.W.3d 765, 776 (Tex.App.-Beaumont 2003, pet. ref'd); *Robbins v. State,* 27 S.W.3d 245, 251 (Tex.App.-Beaumont 2000), *aff'd,* 88 S.W.3d 256 (Tex.Crim.App. 2002). The trial court properly weighed and balanced the required factors involved and announced his findings to the parties prior to permitting the extraneous offense testimony to be heard by the jury.[2] For the reasons set out above, we overrule Martin's appellate issue. The judgment of the trial court is affirmed.

AFFIRMED.

---

**2.** Martin devotes a number of pages in his brief to addressing why the extraneous sexual assault evidence was not admissible for "the other purposes the trial court included in its ruling and in the limiting instruction at guilt, . . ." Whether the trial judge does or does not specify his reasons on matters of admissibility of evidence, the decision will be upheld if it is correct on any theory of law. *See Santellan v. State,* 939 S.W.2d 155, 167 n. 19 (Tex.Crim. App.1997). As we decide above, the trial court's decision to admit the extraneous sexual assault evidence withstands Martin's Rule 401, Rule 404(b), and Rule 403 complaints.