**Brian Douglas MARTIN, Appellant**

**v.**

**The STATE of Texas.**

**No. PD–1545–04.**

Court of Criminal Appeals of Texas.

Oct. 5, 2005.

carried the burden of proof, in a murder prosecution. *See Id.*

Janet Seymour Morrow and Gerald E. Bourque, Spring, TX, for Appellant.

Kaycee L. Jones, Asst. District Atty., Livingston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

JOHNSON, J., delivered the opinion of the Court, joined by KELLER, P.J., and PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ.

A jury convicted appellant of sexual assault and sentenced him to twelve years' imprisonment. The court of appeals affirmed his conviction and sentence. *Martin v. State*, 144 S.W.3d 29 (Tex.App.-Beaumont 2004). We granted appellant's petition for discretionary review.

The indictment alleged that appellant had sexually assaulted the complainant by compelling her to submit or participate by the use of physical force or violence and by threatening to use force or violence against her, and that she believed that he had the present ability to execute that threat. The complainant testified that she had become acquainted with appellant at a private club and that he had told her that he was a deputy in the Polk County Sheriff's Department. She also testified that, at his request, she met him several days later at the mobile-home park where he worked, and that he took her into an unoccupied mobile home at the park and forced her to have sexual intercourse with him.

Appellant testified and acknowledged that he first met the complainant at the club and agreed that she had come to his place of employment, the mobile-home lot, at his invitation. He also admitted that he

had falsely told the complainant at the club that he was a deputy sheriff because that was a "good way to pick up women." Appellant also admitted that they had walked around the lot and gone into a trailer together, but he disputed that he had assaulted her and testified that their sexual intercourse was consensual. Appellant suggested that a reason for the complainant to claim that their sexual encounter was non-consensual was "[p]robably because of the fact [he] got married" five days later.

After appellant rested his defense, the state called a rebuttal witness. Appellant had successfully objected to the state's proffer of that witness's testimony during the state's case in chief. After appellant testified, the state again called the witness, and appellant again objected. The trial court overruled appellant's renewed objection, and the woman testified in rebuttal. She stated that: several months prior to the incident in this case, she had become acquainted with appellant through a "date line" sponsored by a local radio station; she had talked with appellant over the telephone and he told her that he was a detective with the Liberty County Sheriff's Department; and that appellant later met her at her apartment and sexually assaulted her there.

On appeal, appellant, in a single point of error, complained that the trial court erred during the guilt phase by admitting, over defense objection, the rebuttal witness's testimony about an extraneous offense; the evidence was irrelevant, inadmissible under TEX.R. EVID. 404(b), and, even if relevant, the probative value of the extraneous offense was substantially outweighed by its unfair prejudice and the evidence was therefore inadmissible pursuant to TEX.R. EVID. 403.

The court of appeals held that evidence of the extraneous sexual assault became relevant after appellant raised the defense that the complainant consented to the sexual intercourse because "it logically served to make 'less probable' the defensive evidence that [the complainant] was a willing participant in the sexual act to which she testified." *Martin, supra* at 33. It also held that the evidence was admissible "for a purpose other than to show [appellant]'s character as a sexual predator" and "its probative value in rebutting [appellant]'s defensive theory of consent was not substantially outweighed by danger of unfair prejudice[.]" *Id.*

We granted both of appellant's questions for review. Those questions are:

I. Does the "doctrine of chances" or Tex.R.Evid. 404(b) (or both) allow the state to offer an unadjudicated extraneous "date rape" of a person other than the complainant in a "date rape" sexual assault trial to rebut the defense of consent and establish the element of criminal intent, when the evidence presents nothing more than a "swearing match" between the defendant and the adult complainant on the issue of consent?
II. Whatever rule applies, in this particular kind of sexual case is the state allowed to bypass the rule 404(b) principle that excludes evidence whose only logical relevance derives from its propensity nature, on the ground that it is relevant for a "permissible purpose"?

Appellant asserts that, while criminal character is a fact, character conformity is an inference and that the court of appeals failed to make the distinction and therefore permitted the prosecution to use character conformity as an inference to rebut his defense. He also argues that the court of appeals put the Rule 403 cart before the Rule 404(b) horse in failing to separate the unfair prejudice that arises from a character-conformity inference from the prejudice that may accompany proof of criminal

character but is nevertheless admissible to establish a fact of consequence. He adds that the rebuttal evidence was not relevant apart from the impermissible inference of character conformity and its admission is therefore barred by Rule 404(b). Appellant also argues that, for this character-conformity evidence to be admissible, the state was required to show not only that the extraneous offense was probative of a "permissible purpose," but also that it had "permissible relevance," i.e. that it tended to prove the permissible factor by some means other than its character-conformity value.

The state asserts that the extraneous sexual-assault evidence presented on rebuttal was admissible and that there was no error in allowing it into evidence. It also argues that, by admitting that the sexual encounter took place but denying the use of force, appellant put his criminal intent into controversy, thus the evidence of the prior sexual assault makes appellant's claim of lack of intent less probable. It further argues that the extraneous offense was not intended to bolster the complainant's credibility, but to rebut the defensive theories of consent and lack of intent.

■■■ Tex.R. Evid. 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." *Johnston v. State,* 145 S.W.3d 215, 219 (Tex.Crim.App.2004). Tex.R. Evid. 403 provides that even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of

the issues, or misleading the jury...." " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex.R. Evid. 401. However, Rule 404(b) also provides that extraneous offense evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" *Johnston, supra* at 219, quoting Rule 404(b). This list is illustrative, rather than exhaustive, and extraneous-offense evidence may be admissible when a defendant raises a defensive issue that negates one of the elements of the offense. *Id.* Thus, a party may introduce evidence of other crimes, wrongs, or acts if such evidence logically serves to make more or less probable an elemental fact, an evidentiary fact that inferentially leads to an elemental fact, or defensive evidence that undermines an elemental fact. *Montgomery v. State,* 810 S.W.2d 372, 387 (Tex.Crim.App.1991)(opinion on rehearing). "Whether extraneous offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court." *Moses v. State,* 105 S.W.3d 622, 627 (Tex.Crim.App. 2003).

■■ In this case, lack of consent is an element of the alleged offense and was hotly disputed.[1] The extraneous-offense evidence in this case was admitted only after appellant testified that his sexual intercourse with the complainant was consensual. The indictment in this case

---

1. To be convicted of sexual assault, the defendant must have engaged in the conduct without the complainant's consent, and it is the complainant's lack of consent that is the essence of the offense of sexual assault. *See Rubio v. State,* 607 S.W.2d 498, 501 (Tex.

Crim.App.1980). "When the defensive theory of consent is raised, a defendant necessarily disputes his intent to do the act without the consent of [the complainant]. His intent is thereby placed in issue." *Id.*

alleged that appellant had caused the penetration of the complainant's female sexual organ by his male sexual organ without the complainant's consent by compelling her to submit or participate by the use of physical force or violence and by threatening to use force or violence against the complainant, and that the complainant believed that appellant had the present ability to execute that threat. Thus, consent was one of the elements of the offense, and appellant's testimony raised a defensive issue as to that element.

 "The standard of review for a trial court's ruling under the Rules of Evidence is abuse of discretion." *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex.Crim.App. 2004). "If the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made, then we must uphold the judgment." *Id.* Extraneous-offense evidence is admissible under both Rules 404(b) and 403 if that evidence satisfies a two-prong test: whether the extraneous offense evidence is relevant to a fact of consequence in the case apart from its tendency to prove conduct in conformity with character; and whether the probative value of the evidence is not substantially outweighed by unfair prejudice. *Johnston, supra* at 220. Appellate courts will uphold a trial court's ruling on the admissibility of evidence "as long as the trial court's ruling was at least within the zone of reasonable disagreement...." *Montgomery, supra* at 391.

Appellant also questions the applicability of the "doctrine of chances," the principle that evidence of the repetition of similar unusual events over time demonstrate a decreasing probability that those unusual events occurred by chance. He asserts that, unless the extraneous offense and the charged offense both involve some fact contested at trial or a shared fact that clearly demonstrates the defendant's initial criminal intent, i.e. that he intended from the beginning to commit sexual assault without consent, the extraneous offense should not pass the Rule 404(b) threshold.

In cases decided before the adoption of the Rules of Evidence, we described the doctrine of chances as

> the instinctive recognition of that logical process which eliminates the element of innocent intent by multiplying instances of the same result until it is perceived that this element cannot explain them all .... that an unusual and abnormal element might perhaps be present in one instance, but that the oftener similar instances occur with similar results, the less likely is the abnormal element likely to be the true explanation of them.

*Plante v. State*, 692 S.W.2d 487, 491–92 (Tex.Crim.App.1985)(quoting 2 JOHN H. WIGMORE, EVIDENCE, § 302 (Chadbourn rev. ed.1979)). *See also Robinson v. State*, 701 S.W.2d 895, 898 (Tex.Crim.App.1985).

In another pre-Rules case, we said, "Before an extraneous offense is admissible to negate the possibility of accident under Wigmore's doctrine of chances, such offense must be sufficiently similar in nature to the charged offense that the inference of improbability of accident logically comes into play." *Morgan v. State*, 692 S.W.2d 877, 881 (Tex.Crim.App.1985), citing Imwinkelried, *Uncharged Misconduct Evidence*, §§ 5:05, 5:10 (1984). Judge Cochran recently discussed the doctrine of chances and commented that such evidence may be admissible for a non-character purpose to prove the elements of an offense. *Robbins v. State*, 88 S.W.3d 256, 267–69 (Tex.Crim.App.2002)(Cochran, J., concurring).

In *Owens v. State*, 827 S.W.2d 911, 915 (Tex.Crim.App.1992), we pointed out that

"[e]vidence of a defendant's particular modus operandi is a recognized exception to the general rule precluding extraneous offense evidence, if the modus operandi evidence tends to prove a material fact at issue, other than propensity." In the context of extraneous offenses, *modus operandi* refers to "a defendant's distinctive and idiosyncratic manner of committing criminal acts." *Id.* at 914. The similarities between the charged offense and the extraneous offense in that case were not so unusual or idiosyncratic as to signal conclusively that they were the handiwork of the same person. *Id.* at 915–16. Both offenses were sexual assaults committed against minor females of approximately the same age, both of whom were Owens' daughters, but "no evidence was revealed at trial concerning any particularized details or unique qualities of the two acts other than these general similarities." *Id.* at 915. We also noted several important dissimilarities, including that the charged assaults on one daughter allegedly continued for approximately two years and included acts of intercourse, while the charged assault on the other daughter alleged a single incident of improper touching and penetration with Owens' finger. *Id.*

 In the instant case, appellant admitted that he falsely claimed to be a law enforcement officer as a ruse to "pick up" both the complainant and the extraneous-offense witness, and both women testified that they agreed to meet appellant in a residential area, that the meeting was the first face-to-face meeting after initial contact, and that they were sexually assaulted by appellant in a residence. We conclude that the facts of the instant case, unlike those in *Owens*, show a *modus operandi* sufficiently distinctive to qualify as an exception to the general rule precluding the admission of extraneous-offense evidence.[2]

Turning to appellant's specific questions for review, whether articulated under Rule 404(b) standards or the doctrine of chances, we conclude that under the facts and circumstances of this case the trial court did not abuse its discretion in admitting the extraneous offense evidence and that the admission of the evidence did not violate Rule 404(b).[3] We affirm the judgment of the court of appeals.

MEYERS, J., not participating.

---

**2.** We also note that consent was not an issue in *Owens* because at the time of the alleged sexual offense the complainant was only 11 years old, too young to legally consent to the alleged sexual conduct. *Owens, supra.*

**3.** We observe that appellant did not mention Rule 403 in either of his questions for review, and we therefore conclude that appellant does not seek review of a Rule 403 issue. We note that arguments in his petition and brief discuss Rule 403, but the record reflects that, in his objections to the extraneous offense evidence at trial, both when the offer of proof was made and when the trial court subsequently decided to admit the evidence before the jury, appellant did not invoke Rule 403 or

argue that the probative value was substantially outweighed by prejudice. The objection was not made even after the trial court announced that it would allow the testimony and stated that it found that the proffered testimony was relevant, would not outweigh the danger of unfair prejudice, and could be used to show proof of motive, opportunity, intent, and preparation and planning and knowledge. In order to preserve such a complaint for appellate review, it was incumbent upon appellant to ask the trial court to continue to exclude the evidence by its authority under Rule 403. *Montgomery,* 810 S.W.2d at 389; and TEX.R.APP. P. 33.1.