# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00720-CR

**Andre Demar Gipson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-DC-07-204275, HONORABLE BOB PERKINS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Andre Demar Gipson guilty of aggravated robbery and assessed punishment, enhanced by a previous felony conviction, at twenty-five years' imprisonment. *See* Tex. Penal Code Ann. § 29.03 (West Supp. 2009). In a single point of error, appellant contends that the trial court erred by permitting the State to introduce evidence regarding an extraneous offense. We overrule this contention and affirm the conviction.

On the morning of July 23, 2007, two men robbed Akhtar Salim, the clerk at the Rutland Food Store in Austin. One of the men, his face obscured by a scarf, jumped over the counter and held a black-and-silver pistol to Salim's head. The second man, whose face was uncovered, urged the armed man to shoot Salim. At trial, Salim identified appellant as the second man with what he said was ninety percent certainty: "90 percent I think I can guess it close." The two men ordered Salim to open the cash register, and they took what Salim estimated was between $500 and

$600. The men fled when an automobile pulled up in front of the store. Salim did not see whether they left in this vehicle or by some other means.

The robbery was reported to the police at 9:45 a.m. At 9:55, Travis County sheriff's deputy Brian Turner stopped a vehicle near the Rutland Food Store after observing a traffic violation. Two men were in the car: Donald Hutchinson, who was driving, and appellant, who was the passenger. Turner noticed the odor of burned marihuana, and he searched the car with Hutchinson's consent. The officer found marihuana in the console and a black-and-silver pistol under the front passenger's seat. Salim testified that this pistol "looks the same" as the one used in the robbery. Appellant had $534 in cash in his front pocket. The bills were grouped by denomination, in sequence from largest to smallest, and all faced the same way. Turner testified that when he asked appellant where he got the money, appellant said that "people just gave it to me."

Over appellant's objection, the court permitted the State to offer evidence regarding another robbery at the Rutland Food Store on the night of June 21, 2007. The clerk robbed on this occasion was Kishan Shastry. Shastry testified that there were three robbers. He said that one man stood by the door while the other two men approached the counter and demanded money. One of the men at the counter was armed with a pistol and struck Shastry on the head with it. Shastry identified appellant as the armed man. The robbers fled after Shastry gave them the money.

Margarita Fernandez witnessed the June 21 robbery. Fernandez testified that she first noticed the three men as she walked up to the store. They were standing at the side of the store, by a pay phone, and they looked nervous and "suspicious." The men entered the store while Fernandez was inside. Fernandez testified that one of the men, armed with a black-and-silver pistol, held a

2

store employee at gunpoint while the other men, one armed with a black pistol, robbed the clerk at the cash registers. Appellant's palm print was found outside the store on a newspaper rack near the pay phone.

The rules of evidence prohibit the use of extraneous bad acts to prove the defendant's character in order to show conduct in conformity to that character. *See* Tex. R. Evid. 404(b). But rule 404(b) permits the use of extraneous misconduct evidence for other purposes, such as showing identity when identity is an issue. *Page v. State*, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006). When an extraneous offense is offered to prove identity by comparing common characteristics, it must be sufficiently similar to the charged offense that "the offenses illustrate the defendant's 'distinctive and idiosyncratic manner of committing criminal acts.'" *Id*. (quoting *Martin v. State*, 173 S.W.3d 463, 468 (Tex. Crim. App. 2005)). The common distinguishing characteristic may be the proximity in time and place or the common mode of commission of the offenses. *Ransom v. State*, 503 S.W.2d 810, 812 (Tex. Crim. App. 1974).

Appellant does not question whether his identity as one of the July 23 robbers was an issue in this case. Appellant contends only that the June 21 robbery was not relevant to the identity issue because it was not sufficiently similar to the July 23 robbery. We review the trial court's ruling admitting the evidence for an abuse of discretion, and we must uphold that ruling so long as it is within the zone of reasonable disagreement. *Page*, 213 S.W.3d at 337.

The most obvious common characteristic of the two robberies was that they occurred at the same location, the Rutland Food Store. In arguing for the admissibility of the extraneous robbery, the State assured the trial court that it would also prove that appellant had the same

3

accomplice and that the same gun was used in both robberies, arguments the State repeats in its brief to this Court. In fact, although the evidence strongly suggests that Hutchinson was appellant's accomplice on July 23, the State cites no evidence, and we find none, identifying Hutchinson as one of the June 21 robbers. And although Fernandez said that one of the June 21 robbers wielded a black-and-silver handgun, she was not shown and did not identify the pistol found in Hutchinson's car that was likely used in the July 23 robbery.

Nevertheless, we conclude that the trial court did not abuse its discretion by admitting the challenged evidence. The two robberies were committed at the same store and in the same manner a month apart, albeit not at the same time of day. In both cases, appellant and an accomplice entered the Rutland Food Store, went directly to the counter, pointed a pistol at the clerk's head, and demanded money. In both cases, a black-and-silver handgun was brandished by one of the robbers. Although only two robbers entered the store on July 23, rather than three as on June 21, it is possible that the person who drove up in front of the store just before the robbers fled was the third accomplice. It was within the zone of reasonable disagreement for the trial court to conclude that two robberies committed by appellant at the same store, in the same manner, using the same or a similar handgun, just over one month apart were sufficiently similar to warrant the admission of the June 21 robbery to prove appellant's identity as one of the July 23 robbers.

The point of error is overruled, and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   December 1, 2009

Do Not Publish