

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00431-CR

**ROBERT LESLIE THORNTON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 249th District Court
Johnson County, Texas
Trial Court No. F46656**

## MEMORANDUM  OPINION

The jury convicted Robert Leslie Thornton of the offense of evading arrest or detention with a motor vehicle.  The jury found the enhancement paragraphs to be true and assessed punishment at 99 years confinement.  We affirm.

### Background Facts

The Cleburne Police Department received a report of a stolen vehicle from Javiar Casillas.  The Cleburne Police Department entered the information of the stolen vehicle in the National Crime Information Center (NCIC) system.  On October 30, 2011, Officer

Cory Hall responded to a call concerning the stolen vehicle. Casillas informed Officer Hall that he had just seen the 2002 Chevrolet Cavalier he had reported as stolen. Officer Hall followed the vehicle and was able to read the license plate. He reported the license plate to dispatch, and dispatch confirmed that the vehicle was stolen. Officer Hall followed the vehicle while waiting for backup to join him in the pursuit and then activated his lights to initiate the traffic stop.

Officer Hall testified that Thornton was the driver of the vehicle. Police officers pursued the vehicle for over 8 miles, and Thornton committed numerous traffic violations during the pursuit. Thornton eventually drove into a ditch, and police officers placed him under arrest. Ronni Reavis was a passenger in the vehicle.

## Excluded Testimony

In his first issue, Thornton complains that the trial court erred in excluding the testimony of defense witnesses. Thornton sought to call Deputy Chief Amy Knoll to testify whether the Cleburne Police Department followed the proper procedures in reporting the vehicle as stolen in the NCIC system. Thornton also planned to call Micki Seay to testify that she was the owner of the vehicle in question. The trial court held a hearing outside the presence of the jury to determine the admissibility of the testimony. Seay testified that she is Ronni Reavis's sister and that Reavis and Javiar Casillas were previously involved in a relationship. Seay loaned money to Casillas to purchase the car, but Seay is listed as the registered owner of the car. The State produced a bill of sale showing Casillas as the purchaser of the vehicle. Seay stated that Reavis had

permission to drive the car and that Casillas did not have permission to report the car as stolen.

Thornton argues that the trial court denied him his constitutional right to present a defense by excluding the testimony. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." TEX. R. EVID. 401. Relevant evidence is generally admissible. TEX. R. EVID. 402. Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. 403. Absent an abuse of discretion, we will not disturb a trial court's decision whether to admit or exclude evidence. *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). Under the abuse of discretion standard of review, we will uphold a trial court's evidentiary ruling so long as that ruling is within the zone of reasonable disagreement. *Id*.

Thornton contends that the testimony was relevant to show that the officers did not act lawfully in detaining him. Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To initiate an investigative stop, the officer must possess a reasonable suspicion based on specific, articulable facts that in light of the officer's experience and general knowledge, would lead the officer to the reasonable conclusion

that criminal activity is underway and the detained person is connected to the activity. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).

In *Delk v. State*, 855 S.W.2d 700, 711 (Tex. Crim. App.), *cert. denied*, 510 U.S. 982, 114 S.Ct. 481, 126 L.Ed.2d 432 (1993), the Court held that information obtained from the NCIC system provides the investigating officer with reasonable suspicion to detain the driver and conduct further investigation. *Delk v. State*, 855 S.W.2d at 711. The officer may rely on the information even if it is later proven to be erroneous. *See Brown v. State*, 986 S.W.2d 50, 53 (Tex.App.-Dallas 1999, no pet.).

Officer Hall had reasonable suspicion to detain Thornton based upon the information in the NCIC system. He was entitled to rely on that information even if it was later proven to be erroneous. *See Brown v. State*, 986 S.W.2d at 53. Therefore, evidence relating to the actual ownership of the vehicle was not relevant to the detention of Thornton. The trial court did not abuse its discretion in excluding the evidence. We overrule the first issue.

### Lesser Included Offense

In his second issue, Thornton argues that the trial court erred in refusing to include his request for the lesser included offenses of fleeing or attempting to elude police officers and deadly conduct in the charge to the jury. An offense qualifies as a lesser-included offense of the charged offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish the

commission of the offense; (3) it differs from the offense charged only in that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. TEX. CODE CRIM. PRO. ANN. art. 37.09 (West 2006). To determine whether a defendant is entitled to an instruction on a lesser-included offense, the court conducts a two-pronged test. *See Ex parte Watson*, 306 S.W.3d 259, 272-73 (Tex. Crim. App. 2009); *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007).

The first prong of the test requires the court to use the "cognate pleadings" approach to determine whether an offense is a lesser-included offense of another offense. *Hall v. State*, 225 S.W.3d at 533. The first prong is satisfied if the indictment for the greater-inclusive offense either: "(1) alleges all of the elements of the lesser-included offense, or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced." *Ex parte Watson*, 306 S.W.3d at 273. Both statutory elements and any descriptive averments alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense. *Id*. If a descriptive averment in the indictment for the greater offense is identical to an element of the lesser offense, or if an element of the lesser offense may be deduced from a descriptive averment in the indictment for the greater-inclusive offense, this should be factored into the lesser-included-offense analysis in asking whether all of the elements of the lesser offense are contained within the allegations of the greater offense. *Id.*

The second prong asks whether there is evidence that supports giving the lesser-included-offense instruction to the jury. *Hall v. State*, 225 S.W.3d. at 536. A defendant is entitled to a requested instruction on a lesser-included offense when the proof for the charged offense subsumes the proof required to establish the lesser-included offense and some evidence in the record would permit a rational jury to find that if the defendant is guilty, he is guilty only of the lesser-included offense. *Id*. Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge. *Id*. A lesser-included-offense instruction is required when the evidence establishes the lesser-included offense as a valid, rational alternative to the charged offense. *Id*.

Applying the first step of the lesser included-offense analysis in the instant case, we do not consider the evidence that was presented at trial. Instead, we consider only the statutory elements of evading arrest with a vehicle as they were modified by the particular allegations in the indictment:

> (1) the appellant
>
> (2) while using a vehicle
>
> (3) intentionally
>
> (4) fled
>
> (5) from a person (Officer Hall)
>
> (6) knowing he was a peace officer
>
> (7) who was attempting to lawfully arrest or detain him.

We then compare them with the elements of the lesser offense of fleeing or attempting to elude a police officer that could be included in that offense:

(1) the appellant

(2) operates a motor vehicle

(3) wilfully

(4) fails or refuses to bring the vehicle to a stop;

(5) or flees or attempts to elude

(6) a pursuing police vehicle

(7) when given a visual or audible sign to bring the vehicle to a stop;

(8) the signal may be by hand, voice, emergency light, or siren;

(9) the officer must be in uniform and prominently display the officer's badge of office;

(10)　the officer's vehicle must bear the insignia of a law enforcement agency.

TEX. TRANSP. CODE ANN. § 545.421 (West 2011).

We conclude that Thornton's indictment for evading arrest with a vehicle does not include all of the elements of the lesser offense of fleeing or attempting to elude a police officer under Section 545.421 of the Transportation Code. *Farrakhan v. State*, 263 S.W.3d 124, 138 (Tex.App.-Houston [1st Dist.] 2006), *aff'd*, 247 S.W.3d 720 (2008). The indictment for the greater offense does not expressly allege all of the elements of the lesser offense, nor may the missing elements reasonably be deduced from the descriptive averment. The offense of fleeing or attempting to elude a police officer requires that the defendant be signaled visually (by hand or emergency light) or audibly (by voice or siren) to stop and that he be pursued by a marked police vehicle that is driven by a uniformed officer with a prominently displayed badge. *See* TEX.

TRANSP. CODE ANN. § 545.421(a), (b) (West 2011). *Farrakhan v. State*, 263 S.W.3d at 138. The offense of evading arrest or detention does not expressly contain these elements. *See* TEX. PEN. CODE ANN. § 38.04(a) (West Supp. 2013). *Id.*

Thornton also argues that the trial court erred in refusing the lesser included offense of deadly conduct. The elements of deadly conduct are:

(1) a person

(2) recklessly

(3) engages in conduct

(4) placing another in imminent danger of serious bodily injury.

TEX. PEN. CODE ANN. § 22.05 (a) (West 2011). Thornton's indictment for evading arrest with a vehicle does not include all of the elements of the lesser offense deadly conduct. The indictment for the greater offense does not expressly allege all of the elements of the lesser offense, nor may the missing elements reasonably be deduced from the descriptive averment. The offense of deadly conduct requires that another person be placed in imminent danger of serious bodily injury. The offense of evading arrest with a vehicle does not contain those elements. We overrule the second issue.

### Sentence

In his third issue, Thornton argues that his sentence of 99 years is disproportionate to the crime and amounts to cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article I Section 13 of the Texas Constitution. Thornton was required to make a timely objection to the trial court to preserve his complaint that the sentence is unconstitutionally excessive. *See*

TEX.R.APP. P. 33.1(a); *Battle v. State*, 348 S.W.3d 29, 30 (Tex.App.-Houston [14th Dist.] 2011, no pet.). Thornton did not present a specific objection to the trial court or raise the issue in his motion for new trial.

Moreover, Thornton has not shown that his sentence was disproportionate to the crime. Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983). The State alleged two enhancement paragraphs, and the jury found the enhancement allegations to be true. The applicable punishment range was 25-99 years or life. TEX. PENAL CODE ANN. § 12.42 (d) (West Supp. 2013). Thornton's sentence is within the statutory range.

Thornton contends that his sentence is disproportionate to the facts of this case. The proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 292 (1983). A threshold determination that the sentence is grossly disproportionate to the crime is required before addressing the remaining elements. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849 (1992); *Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex.App.-Texarkana 1999, no pet.).

The jury heard evidence of Thornton's numerous previous convictions. The jury heard evidence that Thornton has spent his adult life committing numerous crimes and that he is associated with other criminals. Thornton has not met the threshold

determination that his sentence is grossly disproportionate to the crime.  We overrule

the third issue on appeal.


AL SCOGGINS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed February 27, 2014
Do not publish
[CR PM]