# NO. 12-14-00200-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES TODD ADAMS,* *APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

James Todd Adams appeals his conviction for sexual assault of a child, for which he was sentenced to imprisonment for two years. Appellant raises one issue challenging the trial court's admission of extraneous bad act evidence. We affirm.

## BACKGROUND

Appellant was charged by indictment with sexual assault of a child. He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that J.D., her mother, and her brother moved in with Appellant and his family in Van Zandt County when J.D. was a child. Appellant began sexually assaulting J.D. and warned her not to tell anyone. Eventually, J.D.'s mother found out about the abuse and reported it to the police.

Ultimately, the jury found Appellant "guilty" of sexual assault of a child and assessed his punishment at imprisonment for two years. This appeal followed.

## ADMISSIBILITY OF EVIDENCE

In his sole issue, Appellant complains about the admissibility of certain extraneous bad act evidence.

## Standard of Review

Generally, we review a trial court's decision to admit evidence under an abuse of discretion standard. *See Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). We will not reverse a trial court's ruling admitting evidence unless that ruling falls outside the zone of reasonable disagreement. *See Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

## Analysis

The evidence at trial showed that while Appellant was awaiting trial in this case, J.D. was living with her father in Odessa. In violation of his conditions of pretrial release, Appellant drove to Odessa and met J.D. there. He took J.D. to a hotel room and had sexual intercourse with her. J.D. was sixteen years old at the time.

Appellant argues that the trial court erred by admitting evidence of the sexual intercourse in Odessa and the violation of his conditions of pretrial release. He contends that the evidence is not relevant and, further, meets none of the exceptions under rule of evidence 404(b). Generally, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. *See* Tex. R. Evid. 404(b). It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See id.*

In certain cases, rule 404 is superseded by code of criminal procedure article 38.37. *Hitt v. State*, 53 S.W.3d 697, 705 (Tex. App.—Austin 2001, pet. ref'd). Under that article, notwithstanding rule 404, evidence of other crimes, wrongs, or acts committed by a defendant against a child under seventeen years of age who is the victim of an alleged assaultive offense under penal code chapter 22 shall be admitted for its bearing on relevant matters. *See* Tex. Code Crim. Proc. Ann. art. 38.37 § 1 (West Supp. 2014). Such relevant matters include the state of mind of the defendant and child, and the previous and subsequent relationship between the defendant and child. *Id.*

In this case, Appellant was charged and convicted under penal code section 22.011(a)(2). The evidence that Appellant violated his conditions of pretrial release and traveled several hours to have intercourse with J.D. is relevant to the state of mind of Appellant and J.D., as well as

their subsequent relationship.  We hold that the trial court did not err in admitting the evidence. *See id.*  Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 12, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 12, 2015**

**NO. 12-14-00200-CR**

**JAMES TODD ADAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR12-00427)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*